**Mario Augusto Alonso SANCHEZ, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–73556.

Agency No. A72–172–528.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 14, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Edward C. Durant, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

### MEMORANDUM ***

Mario Augusto Alonso Sanchez petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the IJ's denial of asylum because Sanchez's application and testimony do not demonstrate that his experiences in Guatemala amount to past persecution or well-founded fear of future persecution on account of political opinion, including political neutrality. *See Sangha v. INS,.* 103 F.3d 1482, 1488–89 (9th Cir.1997).

Substantial evidence also supports the denial of Sanchez's withholding claim because he was unable to meet the lower standard for a grant of asylum. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Sanchez does not challenge the IJ's denial of relief under CAT in his opening brief, he waives his CAT claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

